UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY E. SMITH,

    Plaintiff,

v.                                CASE NO. 8:05-CV-1824-T-30MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks review of the Commissioner's decision denying him Disability Insurance Benefits ("DIB").[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred at step five of the sequential analysis; failed to properly consider new and non-cumulative evidence; failed to properly develop the evidence relating to his Residual Functional Capacity ("RFC"); and failed to properly consider his subjective complaints of pain. After reviewing the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, I recommend that the complaint be dismissed and the Commissioner's decision affirmed.

    *A. Background*

Plaintiff, who has a ninth-grade education and past work experience as a car salesman, dry wall installer, cashier, and leasing agent, was 59 years old at the time of the ALJ's decision. He alleges a disability onset date of May 2, 1999 (coinciding with work-related injury to his lower back)

---

[1] This matter has been referred to me pursuant to Local Rule 6.01(c)(21).

due to back and wrist problems, GERD, coronary artery disease with associated angioplasty (well compensated with normal EKG), and a history of anterior diskectomy/fusion of the cervical spine in 1987). After an administrative hearing in which a vocational expert (VE) testified, the ALJ ruled Plaintiff was unable to perform his prior work but nonetheless possessed the RFC to perform a significant number of jobs classified as less than a full range of light work. After the Appeals Council denied his request for review, the Plaintiff filed this action for judicial review.

   *B. Standard of Review*

   To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

   The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix

1, 20 C.F.R. Subpart P; and whether the claimant can perform his past relevant work. If the claimant cannot perform the tasks required or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do no other work in the national economy in view of his age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*C. Discussion*

*1. transferability of skills*

Plaintiff cryptically frames his first issue as: "Remand and Reversal Demanded With an Immediate Award of Benefits – Grids At Light Level Not Framework, At Sedentary Disability Mandated. *See* doc. 9 at p.1. From this, he seems to argue the ALJ improperly used the Medical-Vocational Guidelines (i.e. "grids"; 20 C.F.R. §§ 404.1563(e) and 404.1564(b)(3)) as a framework

for finding at step five that Plaintiff could perform other work in the national economy. Distilled further, he maintains his skills as a car salesman are not transferrable to those used by a telemarketer or order taker, jobs the ALJ found he could do. Plaintiff's arguments, whether the ALJ incorrectly applied the regulatory scheme as to the transferability of skills or lack of substantial evidence (or both), are not persuasive.

Section 404.1568(d)(4), which pertains to the transferability of skills, provides in part:

> Transferability of skills for individuals of advanced age. If you are of advanced age (age 55 or older), and you have a severe impairment(s) that limits you to sedentary or light work, we will find that you cannot make an adjustment to other work unless you have skills that you can transfer to other skilled or semiskilled work (or you have recently completed education which provides for direct entry into skilled work) that you can do despite your impairment(s). We will decide if you have transferable skills as follows. If you are of advanced age and you have a severe impairment(s) that limits you to no more than sedentary work, we will find that you have skills that are transferable to skilled or semiskilled sedentary work only if the sedentary work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry.

The VE classified Plaintiff's work as a car salesman as light work (R. 110).[2] And the VE compared the similarity of skills needed for that job and for order taker or telemarketer: "… being able to write an invoice and talk to people and to explain a product would be similar in terms of

---

[2] Section 404.1567(b) defines "light work" as:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

4

ability to do that … So, he could very readily go through selling cars or selling something else." (R. 113). In short, the skills needed for a telemarketer or order taker would not require "more than a very little vocational adjustment [from his job as a car salesman]." *See* R. 116. This conclusion, which is supported by substantial evidence, comports with § 404.1568(d)(4). *Allen v. Bowen,* 816 F.2d 600 (11th Cir. 1987) (VE's testimony supported ALJ's finding that claimant's skills form his prior experience as a large appliance repairman were transferrable to other types of skilled bench work); *see also Jensen v. Barnhart,* 436 F.3d 1163 (10th Cir. 2005) (VE's testimony supported ALJ's finding that claimant of advanced age and prior experience as a car salesman had transferrable skills for other work in the national economy).

    *2. The new evidence is immaterial*

Plaintiff asserts the Appeals Council erred by failing to consider the new evidence he submitted: eight medical reports (R. 12-20) from August 5, 2002, and August 26, 2003, by his treating physician (Dr. Colon), which Plaintiff claims document the severity of his physical limitations prior to June 17, 2002. More particularly, Dr. Colon opines that due to pain radiating down both legs, Plaintiff is restricted to lifting no more than ten pounds (R. 12).

In *Falge v. Apfel,* 150 F.3d 1320 (11th Cir. 1998), the court reiterated that when the Appeals Council denies review, as it did here, the ALJ's decision is the Commissioner's final decision subject to review per 42 U.S.C. § 405(g). When a claimant presents new evidence to the Appeals Council after the ALJ's ruling, that new evidence is still part of the record on appeal. *Id*; *Keeton v. Department of Health and Human Servs.,* 21 F.3d 1064, 1066-67 (11th Cir. 1994). But, a reviewing court should not look at this new evidence in assessing if the ALJ's decision is supported by substantial evidence because the ALJ cannot be faulted for failing to consider

unavailable evidence.  Hence, review is confined to that evidence actually submitted to the ALJ. *Falge,* 150 F.3d at 1323.  Nonetheless, evidence submitted to the Appeals Council can still be the subject of review under 42 U.S.C. § 405(g); namely, a court under this section can remand the matter for consideration of newly discovered evidence.  For remand based on new evidence, the Plaintiff would have to show that (1) new, noncumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for failure to submit the information at the appropriate administrative level.  *Id.*  Plaintiff has not met this standard.

While Dr. Colon's new weight limitation is more stringent than his previous one (Plaintiff could lift up to fifteen pounds), it is consistent with the opinions of Drs. Piazza, Bender, Langenbrunner, and Wright who all opined Plaintiff could lift in excess of ten pounds  (R. 434, 352, 387, 395).  Besides, based in part on the VE's testimony, the ALJ found Plaintiff could do sedentary work (that requires lifting no more than ten pounds), such as telemarketing and order taking.  Thus, the new evidence is unlikely to change to administrative result.

*3. The ALJ properly developed the evidence relating to residual functional capacity*

Plaintiff contends that the ALJ failed to properly develop all evidence relating to his residual capacity; specifically, he takes issue with the ALJ's characterization of his  right wrist injury as not severe.  Plaintiff also argues that the VE did not comprehensively describe his impairment with regard to drowsiness.  Accordingly, Plaintiff contends that benefits were denied in error.  The Commissioner asserts that the ALJ properly evaluated the RFC and that Plaintiff failed to establish that his condition rose to the level of severe impairment.

Plaintiff bears the burden of proving that a condition rises to the level of a severe

impairment. *Flynn v. Heckler*, 768 F.2d 1273, 1274 (11th Cir. 1985). In order to satisfy his burden of proof, Plaintiff must prove that the severity of his impairment is such that it effects his ability to work, not that it is simply a deviation from purely medical standards of bodily perfection. *McCruter v. Bowen*, 791 F.2d 1544 1547 (11th Cir. 1986). It is undisputed that Plaintiff complained of pain in his right wrist on March 16, 2000, and May 15, 2000, and that he fractured the same "many years ago." (R. 363). The March 16, 2000, report acknowledges that Plaintiff has had this pain for several years, his range of motion has always been limited, and he does not take any medication for these symptoms (R. 363). Nowhere within the March 16, 2000, and May 15, 2000, medical reports does the treating physician state that Plaintiff has any impairment to his right wrist that would inhibit his ability to work in any way (R. 363). In fact, the reports suggest that Plaintiff maintains a substantial ability to use his right wrist; his chief complaint on May 15, 2000, was that he experienced pain to his right wrist during a game of golf, and while there was some swelling of the wrist, he denied any crepitas, tingling or sensory loss, and he maintained full grip strength (R. 363). Further, when given the opportunity to express his opinion as to the extent and nature of his right wrist injury or any other impairments, including any caused by alleged drowsiness, Plaintiff failed to acknowledge any. When asked during the April 23, 2002, hearing if he had any conditions other than his back problems that would affect his ability to work, Plaintiff answered, "No" (R. 90). The ALJ clarified by asking, "Just your back?" and Plaintiff responded, "Yes" (R. 91). Consequently, Plaintiff's argument that the VE did not comprehensively describe any impairments that Plaintiff might have as a result of his alleged drowsiness is also unpersuasive. The medical reports within the record do not support this argument, nor does Plaintiff's own testimony.

I find that the record supports the ALJ's decision and that his development of the evidence relating to the RFC was sufficient because there is nothing in the record to indicate that Plaintiff's right wrist injury would affect his ability to work. Nevertheless, the ALJ gave Plaintiff the opportunity to discuss impairments other than his back, and Plaintiff failed to do so.

*4. The ALJ properly considered the Plaintiff's subjective complaints of pain*

Plaintiff argues that the ALJ failed to adequately discuss the application of the "pain standard" and failed to state his reasons for discrediting his testimony. Plaintiff further contends that the ALJ did not base his opinion on accurate information, specifically with regard to his right wrist injury. Plaintiff says the ALJ erred in relying on his daily activities as a basis to reject his testimony concerning the severity of his pain, contending case law dictates that daily activities of a short duration are not dispositive of a social security case. *Lewis v. Callahan*, 125 F. 3d 1436, 1441 (11th Cir. 1997). The Commissioner asserts that the ALJ discussed the application of the pain standard while assessing the medical records, including that of Plaintiff's own treating physician, and that his decision in finding Plaintiff's testimony not entirely credible was proper in light of the objective medical evidence.

When the ALJ decides not to credit a claimant's testimony as to her pain he must articulate explicit and adequate reasons for doing so. *Foote v. Chater*, 67 F.3d 1553, 1561-1562 (11th Cir. 1995). The Eleventh Circuit requires an ALJ to apply the three-part "pain standard" test when a claimant attempts to establish disability through their own testimony of pain and subjective complaints. *Foote,* 67 F.3d at 1561 (citing *Mason v. Bowen*, 791 F.2d 1460 (11th Cir. 1986); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). This "pain standard" requires the Plaintiff to show (1) evidence of an underlying medical

condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain. *See Foote*, 61 F.3d at 1561; *Holt*, 921 F.2d at 1223.  Evidence of an underlying medical condition alone is insufficient. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

During the hearing that occurred on April 23, 2002, the ALJ questioned Plaintiff concerning his injuries, his daily activities, and his ability to function on a daily basis.  (R. 77-107).  In his decision, the ALJ took considerable care to articulate why he found Plaintiff's complaints of extreme pain to be unpersuasive.  He stated, in part:

> "He drives frequently, and drove his pickup truck over 3,000 miles last year.  He reportedly applied for over one-half dozen jobs … He reported walking his property to water plants. He socializes regularly at the Eagles Club.  His treating physician released him to return to light work with certain restrictions.  His testimony as to his activities of daily living contradicts the presence of ongoing pain and symptoms of the frequency, intensity, or persistence alleged. Consequently, his complaints have been given little weight as they pertain to the issue of disability."

R. 62).  The ALJ based his findings on the objective medical evidence in its entirety and the testimony of Plaintiff (R. 62, 95-106).  Plaintiff's argument that the ALJ relied solely on his testimony concerning his daily activities is unpersuasive, because the ALJ is permitted to consider the extent of his daily activities in evaluating the credibility of his testimony.  20 C.F.R. § 404.1529(c)(3);  *Dyer v. Barnhart*, 395 F. 3d 1206, 1226 (11th Cir. 2005).  Additionally, the ALJ relied on Plaintiff's testimony concerning his daily activities in the context of the record as a whole, including his own treating physician.  I find that the ALJ articulated several adequate reasons to meet the standards set forth in *Foote*, and further find his determination to be supported by

substantial evidence.

### C. Conclusion

For the reasons stated, it is hereby

RECOMMENDED:

1. That the Plaintiff's complaint be dismissed and the Commissioner's decision be affirmed.

2. That the clerk be directed to enter judgment for the Commissioner.

IT IS SO REPORTED in chambers at Tampa, Florida on this January 11, 2007.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted, or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02, *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)(*en banc*).

Copies furnished to:
The Hon. James S. Moody
Counsel of Record